Good morning and welcome. Judge Grant and I are pleased to have with us today Judge Corey Mays from the Northern District of Alabama, and we're especially grateful to Judge Mays because we know he has a lot of work back home, and so we appreciate his assistance this week. I know some of you are familiar with our court lighting system, but for anybody who's not, I'll review it. It's kind of a traffic light system. The light on the timer will be green as you're proceeding with your argument. When you get to within two minutes of the end of your allotted time, the light will turn yellow, and then the light will turn red when your time is up, and we ask that you quickly conclude your sentence or your argument at that time. The exception, of course, is if you're answering the court's questions, you may finish the answer to the question. We have reviewed your cases, and we are familiar with them, so I would encourage you to go straight to your most important arguments. I will now call the first case of the morning, United States v. Tyvonne Wiley. That's case number 22-10179. We have Ms. Strickland for the appellant, and you've reserved five minutes for rebuttal, I see. Good morning. May it please the court. This court should hold that aiding and abetting Hobbs Act robbery is not a crime of violence, and this court can do so because the reasoning of Cologne has been undermined to the point of abrogation by Taylor. Cologne essentially relied on the premise that because Hobbs Act robbery is a crime of violence, then aiding and abetting Hobbs Act robbery must be, too. Taylor, however, says that this sort of reasoning relies on a false premise because the elements clause asks whether the defendant did commit a crime of violence, not whether he attempted one and not whether he aided and abetted one, not whether he is simply punishable as one who did commit a crime of violence. In Taylor, the Supreme Court was dealing with attempted Hobbs Act robbery. They outlined the elements of an attempt as, first, the defendant intended to unlawfully take property by actual or threatened force, and second, the defendant completed a substantial step toward that end. And we know from the Supreme Court's decision in that case that the elements are basically the same as that. First, that the defendant takes an affirmative act in furtherance of Hobbs Act robbery, and second, that the defendant did that intending to facilitate the offenses commission. So the attempted Hobbs Act robbery elements and the elements of aiding and abetting Hobbs Act robbery are essentially the same, and nothing in either requires that an aider and abetter do anything that is actually violent. It doesn't really matter what I think at this point, but I will say I found the government's argument in Taylor fairly convincing that they don't charge anyone with attempt who doesn't commit a violent act. Do you think there's a similar argument to be made here at least, or do you think there's some difference between aiding and abetting something that actually happens versus attempting to do something that doesn't happen? Your Honor, I think that there is a difference between aiding and abetting something that doesn't happen and something that does. But either way, if you look at just categorically the elements of the crime, there's nothing that requires either an attempt or an aiding and abetting that that defendant do anything violent, which is what 924C requires. And so because an aider and abetter doesn't have to do anything violent, just like someone who attempts Hobbs Act robbery does not necessarily have to do anything violent, it's categorically not a crime of violence. It does not involve the use of force. Our precedent says that to disturb our existing precedent, a Supreme Court decision must be opposed to merely weaken the holding of the prior panel. Explain to me how Taylor meets that standard for us. Your Honor, I think I have a two-fold answer to that question. First, I think that this Court's precedent talks about abrogating using different language in different cases. And if you look at cases like Chambers v. Thompson, that's 150 F. 3rd 1324 from 1998, there they phrase it as we're bound to follow prior panel or an en banc holding except for the holding has been overruled or undermined to the point of abrogation. And I think that's what we have here in a subsequent Supreme Court decision, Taylor, because basically the premise that I started with, Taylor says that the syllogism that Cologne relies on, because the underlying crime is a crime of violence, then aiding and abetting must be too. The Supreme Court has said that that's a false premise. Is there anything about your post-Taylor argument that is different than what this Court dealt with in Henderson last month, where it looked at whether Taylor changed anything and found that it didn't? Your Honor, I'm not sure that my argument is entirely different, but that was an unpublished decision that does not bind this panel, so I think this panel is free to find a different result. So you would say it was the same argument, it's the same analysis, it's just we have the opportunity to publish something post-Taylor. You do, Your Honor, and I think, I mean, I would submit that the Henderson panel got it wrong and that the appropriate analysis is the one that I've been speaking of, where you look at specifically the elements of aiding and abetting, and there just the crime of aiding and abetting categorically involves no requirement that force be used. Don't we always hold someone who has aided and abetted a crime guilty in the same way that the person who actually committed the crime was guilty? Why would we handle that any differently for the purposes of homicide robbery than anything else? Well, Your Honor, I believe that you're referring to 18 U.S.C. Section 2, right? That tells us that an aider and abetter is punishable as a principle, but that doesn't tell us that the crime's elements are identical when you're an aider and abetter as opposed to a principle. So aiding and abetting is not necessarily the substantive crime itself, it's something broader, and the Supreme Court has told us in Roseman that a defendant can be convicted as an aider and abetter without proof that he participated in each and every element of the offense. But aren't they still responsible for all of those elements as an aider and abetter? Not in this context, Your Honor. I think in 924C, it's specific that it is aimed at a person who uses a firearm in a crime of violence. It is more directed at the specific bad actor, and so I think the text of 924C and the intent of 924C is to punish the worst kind of actors, the ones that are going in with the firearms. I don't think that it was the intent of the statute or the ACCA to bring in people who are doing things like driving someone to a crime. Those are not the worst actors that need these kind of very high mandatory minimum sentences. And so I think that the reasoning of the ACCA and the 924C provision, if you look at that, then it should exclude people who are aiding and abetting. Because, again, the Supreme Court in Taylor said, we're looking at what the defendant actually did do, and they put the emphasis on did do. And so here to commit a crime through aiding and abetting, there's no requirement that that person do anything violent. And so I think 924C is not necessarily aimed at those people, and it's overbroad to include people who are just aider and abetters in that very serious kind of punishment scheme. In U.S. v. Worthen, which was a case about this issue that the Seventh Circuit decided just a few weeks ago, the Seventh Circuit observed that if aiding and abetting a crime of violence isn't itself a crime of violence, then under the categorical approach, no offense would qualify, since the argument would be that every offense includes liability that doesn't qualify as a crime of violence and therefore is overbroad. What's your response to that point? Your Honor, I don't believe that that's necessarily true, that no offense could be a crime of violence. The government does not have to charge in the indictment, aiding and abetting. The government doesn't have to put an aiding and abetting theory before the jury. If they believe that it's the principle that they're the person who did that, then they can just indict someone as the principle and not include that theory and not present it to the jury. And it could also be handled through a special verdict form. If the government chose to charge someone with Hobbs Act robbery and include an aiding and abetting theory, then the jury could be left to decide, well, was he actually the principle or was he the aider and abetter? And in that case, someone who is a principle could still be punished and have the 924C conviction while you can separate out people who should not be subject to those extreme sort of punishments because they're merely aiding and abetting and not committing any sort of violent crimes themselves. So I believe that can be, that's a problem that can be solved through specific charging, through specific verdict forms, and to the extent that this is something that is overbroad, I think the rule of lenity requires us to look at it in a more narrow way. This is criminal defendants that are facing very long prison sentences. So when there's some ambiguity about it, then the rule of lenity says that we have to go with the lesser sort of punishment for them. And so I think to the extent that any of this is ambiguous. How ambiguous does it have to be? I mean, surely the rule of lenity doesn't come into play anytime there's some remote ambiguity in a criminal statute, right? Don't we have to do some work interpreting a statute before we throw up our hands and say rule of lenity? Yes, Your Honor. Well, I would say that everything that I've said compels the conclusion that an aider and abetter is not liable under 924C, is not committing a crime of violence. But if the court has to get to that final step and it's still undecided, still a little up in the air, then I think that's where the rule of lenity comes into play. And this court should hold that aiding and abetting Hobbs Act robbery is not a crime of violence under either theory. And I see that as my time, so thank you. Counsel for Appellee, Ms. Peters. May it please the Court. I'm Annalise Peters, and I represent the United States. I tried this case, and I authored the government's brief. Your Honors, this court is bound by its prior precedent in Enrique Colon, and the recent Supreme Court case of Taylor does not change the analysis, and it doesn't abrogate Enrique Colon. My colleague, Ms. Strickland, focused a lot on the elements of attempted Hobbs Act robbery versus Hobbs Act robbery or aiding and abetting, and that is the key here. That was the key in the Taylor case. The underlying reasoning in Taylor was about the elements. Someone can commit attempted Hobbs Act robbery without ever committing the element that requires use of force or threatened use of force. Under attempt, as with any inchoate offense, all that's required is that the defendant take a substantial step towards the completion of the crime. And under that reasoning, Taylor makes perfect sense. It couldn't be attempted Hobbs Act robbery. It couldn't be a crime of violence because it doesn't require proof that any use of force or threatened use of force was ever used to prove in committing the crime, which the government must prove beyond a reasonable doubt. By contrast — Justice Breyer's hypo was that you could theoretically attempt a Hobbs Act robbery with a marshmallow gun, right? He said it's with a fake gun. The gun is made out of marshmallows, you know, and it's in his pocket, and it just looks like a gun, and he gets up close, but he doesn't take the gun out, and he doesn't do anything else. The reason is because the teller turned the other way at the last minute. So he's saying even if that would be an attempt, there's no act of violence there because it wasn't completed. Here, I don't suppose there's a marshmallow gun hypo for us, right, because the act of violence does get completed at least by someone else. Is that right? That's right, Judge Grant. It does, and I will note in this case it doesn't matter for the categorical approach, but as we noted in our brief, Wiley, the appellant in this case, was the gun toter. He was the principal in this case, but I recognize as a categorical approach it doesn't matter. But you're exactly right, Judge Grant. The fact is whether you've got a principal or an aider or a bedder, when there is a completed Hobbs Act robbery, the government must prove beyond a reasonable doubt that element of use of force or threatened use of force. Every single circuit in this country has eliminated the distinction between principal, an aider, and a bedder liability, including this circuit. There is no legal distinction. So regardless of whether someone is charged as an aider and a bedder or a principal, if there is a completed Hobbs Act robbery and there is a conviction, that is because the government proved that use of force element beyond a reasonable doubt. Do you know from the government's perspective why a defendant would be charged with aiding and abetting rather than a substantive crime? Is there – can you explain why that might happen sometimes? Yes, Judge Grant. It's – it is how we most frequently charge these cases, where there are multiple defendants and they are committing violent acts together. They are typically all charged in one charging document. And in this case, as is often the case, we charge all of the defendants as aided and abetted by one another. So there's not picking out a particular principal and then picking out the aiders and the bedders because there is no legal distinction. So in this case, for each of the charged 924Cs, the way that the indictment read was that all three of the co-defendants, Wiley, Starling, and Mitchell, aided and abetted by one another, did commit the offense. And that is simply the charging language that's most frequently used. But then at trial, we typically do proceed, as we did in this case, on proving up who the individual actors were in each robbery. And in this case, it was Wiley who had the gun during each of the six robberies that were proved up at trial. Thank you. I'll also note, Judge Mays noted the unpublished Henderson case that came out last month. I'll also note that there was a published Eleventh Circuit case from this court last year that postdates Taylor. That was Alvarado-Linares. And the site is 44 F. 4th, 1334. That case did not deal with Hobbs Act robbery, but it dealt with aiding and abetting basically Vicar murder. And the court in there went through the same analysis post-Taylor, looking at back to Enrique Colon and finding that the Supreme Court's case in Taylor does not change the analysis and that aiding and abetting a substantive crime remains a crime of violence under 924C and that Taylor doesn't change the analysis. Finally, as the court pointed out, the Seventh Circuit just a few weeks ago, in the Worden case, cited to Enrique Colon and affirmed — again, this was, of course, a post-Taylor decision — affirmed that every circuit who's considered this issue has eliminated the legal distinction between aiding and abetting and principal liability and importantly noted that there is no indication at all that Taylor intended to achieve the result that Wiley is asking this Court to find, which is that aiding and abetting can't be a crime of violence. Nothing in Taylor suggested that any court — that it wanted any court to reach that result here. And, in fact, as this Court has just noted, if the court were to make that finding, then it would completely eviscerate the categorical approach in all aiding and abetting cases. There would never be an instance where a defendant could be charged as an aider and abetter, which is how these cases are charged, and then be found as having committed a crime of violence. Although, to be fair, that wouldn't be the first time that the categorical approach has eviscerated what seems like obvious criminal liability, would it? It would not, Your Honor. However, there is no indication in Taylor that that's what the Supreme Court intended to achieve in this case. And if there are no further questions, I'll ask the Court to affirm. Thank you very much. Thank you. I just want to respond to a few things that the government brought up. First of all, you know, as I spoke about in my first time up here, the government makes charging decisions, and this is the way that they have charged things. But they can change that in light of the Court's opinion, and they do so all the time. They make different charging decisions based on the way that the Court rules. And so just because this is the way the government has been charging things does not mean that they have to continue to do so if this Court finds that aiding and abetting is not a crime of violence. And earlier, just to go back to Judge Grant's question a little bit about Section 2 and an aider and abetter being punishable as a principle, you know, in the Hobbs Act statute itself, it makes attempt crimes, attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery also punishable as a completed Hobbs Act robbery. So I think that says that just because something has — can be penalized in the same way, has the same penalties, doesn't mean that it has the same elements. And so here, I think we're supposed to look specifically at the elements of aiding and abetting, which, as I said, mirror those for attempt found that the Taylor Court found were not a crime of violence. And I'd also point this Court to U.S. v. Brown, a 2019 decision. It's 942 F. 3rd 1069, and that was about conspiracy. And there, the Court pointed out that you can voluntarily participate in a conspiracy in countless nonviolent ways. And the same is true here. You can be an aider and abetter without committing any sort of violence. You can drive someone to the crime. You can loan someone something that they use in the crime. As long as you have the intent that that other person goes and commits the crime, then you're liable as an aider and abetter. But the Court in Taylor said an intent is just that. It's just an intent. It is not doing something. And that's what 942 — Isn't it a difference that the — because your point is well taken, but isn't it a liability, the crime has to have actually taken place, whereas for a conspiracy, maybe you intended that at some point it would, but it never did. Well, Your Honor, I believe you can aid and abet an attempt as well. And you can aid and abet a conspiracy. You can aid and abet basically any crime. And so I don't think that that necessarily makes a difference. And I think the focus in 924 C, and based on, you know, the language in Taylor, is supposed to be what an individual defendant did. I think 924 C and these enhanced penalties are kind of a special category of cases where we have to look at exactly what the person being held responsible did. Or what the theoretical person who committed that crime theoretically would have done in the least probable instance, right? Right. Exactly, Your Honor. In your categorical approach, we're looking at the least culpable way that you could commit the crime. So not what someone actually did. Correct, Your Honor. So it doesn't matter that, you know, Mr. Wiley may have had a gun in some of these, that he was in the game stops when they were robbed. Someone can be held accountable just as he was, even if they were the person who just drove him there, if they lent him his car to go there. And there are examples where people are held responsible for that. And they can end up with the same 35-year mandatory minimum prison sentence that Mr. Wiley has when they never did anything violent. And, you know, the sort of person who just drives someone may not be the same kind of person who would ever go into anywhere with a gun, who would even think about actually committing violence themselves. Isn't that pushing it a little too far? I mean, if you're the driver of the getaway car, maybe you're the driver from a bank robbery or murder or whatever. Maybe you're the driver because you're a better driver, you're a faster driver. Or maybe you don't have as good of a disguise. I mean, there could be dozens of reasons why you might be the driver rather than the shooter. But doesn't our law say you bear the same responsibility either way? Your Honor, there could be any number of reasons. But I think 924C is specifically aimed at the people that are carrying guns. And so I think that's the difference here. When you're looking at aiding and abetting, there's just the two elements. Neither require any sort of use of force. And I think for that reason, aiding and abetting, Hobbs Act robbery, is categorically not a crime of violence. And we would ask the court to vacate Mr. Wiley's convictions on that basis. Thank you. Thank you, counsel.